UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILENTA FEED, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| V. | : CASE NO. 3:04-CV-1090(RNC) |
| | : |
| ARNOLD FOOD CO., INC., | : |
| GEORGE WESTON BAKERIES, INC., | : |
| | : |
| Defendants. | : |

<u>RULING AND ORDER</u>

Plaintiff has brought this diversity case seeking redress for injuries stemming from an alleged breach of a contract giving it the exclusive right to remove bakery scrap from one of defendants' bakeries. Defendants have moved to dismiss counts three through eight of the complaint, which allege quantum meruit, unjust enrichment, conversion, fraud, negligent misrepresentation, and false representation. For reasons that follow, the motion is granted in part and denied in part.

I.  <u>Facts</u>

The amended complaint alleges the following. Plaintiff Wilenta Feed, Inc. and defendant Arnold Food Company, Inc., a wholly owned subsidiary of defendant George Weston Bakeries, Inc., entered into a contract pursuant to which plaintiff would pay to remove all bakery scrap from an Arnold Food's bakery in Greenwich for a period of five years. (Am. Compl. ¶¶ 2-3, 6-7,

1

12.)  The contract gave plaintiff the exclusive right to remove all bakery scrap.  (Am. Compl. ¶ 11.)  It also obliged plaintiff to install and maintain certain equipment at the bakery.  (Am. Compl. ¶ 8.)  The contract went into effect on or before June 1, 2002.  (Am. Compl. ¶ 6.)

Another entity was subsequently allowed to remove scrap from the bakery in violation of plaintiff's exclusive right.  (Am. Compl. ¶ 13.)  In addition, plaintiff's equipment has been used to load scrap onto the trucks of other entities.  (Am. Compl. ¶ 14.)  As a result, plaintiff has lost the value of the equipment, the value of trucks it purchased to perform its obligations under the contract, and the profit it would have derived under the contract.  (Am. Compl. ¶ 16.)

II.  Discussion

Defendants move to dismiss counts three through eight on the ground that plaintiff cannot assert tort claims for what is, in essence, a breach of contract.  Defendants also contend that counts six through eight, alleging fraud, negligent misrepresentation, and false representation, are not stated with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

Counts Three and Four: Quantum Meruit and Unjust Enrichment

In counts three and four, plaintiff alleges that the use of its equipment to load scrap onto others' trucks has unjustly

2

benefitted defendants, entitling it to recover under theories of quantum meruit and unjust enrichment, which are restitution-based. See Burns v. Koellmer, 11 Conn. App. 375, 383 (1987).

Defendants correctly state that plaintiff cannot prevail for the same injury on theories of breach of contract and quantum meruit. However, plaintiff may plead both theories in the alternative to preserve its right to seek restitution-based relief in the event the contract is found to be invalid. See Gen. Elec. Capital Corp. v. Directv, Inc., 94 F. Supp. 2d 190, 201 (D. Conn. 1999); see also Gagne v. Vaccaro, 255 Conn. 390, 401 (2001).[1]

The doctrine of unjust enrichment provides a remedy when one party is unjustly enriched "by property or services rendered under a contract, and no remedy is available by an action on the contract." Gagne, 255 Conn. at 401 (citing 12 S. Williston, Williston on Contracts § 1479, at 272 (3d ed. 1970)). At this stage, it is not clear that the contract necessarily provides a remedy for plaintiff's alleged injuries. Accordingly, defendants' motion to dismiss these counts must be denied.

Count Five: Conversion

Defendants contend that plaintiff cannot maintain a conversion claim because the alleged use of its equipment is

---

[1] Defendants' briefs suggest that they do not contest the validity of the contract, but they have not affirmatively stipulated to its validity.

governed by the contract. "[C]onversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights." Miller v. Guimaraes, 78 Conn. App. 760, 778 (2003) (internal quotation marks omitted). As defendants state, conversion claims cannot be predicated on mere breaches of contract. See Alliance Group Servs., Inc. v. Grassi & Co., 406 F. Supp. 2d 157, 170 (D. Conn. 2005). In this case, however, plaintiff alleges wrongful use of its equipment after an initial rightful possession.[2] This is sufficient to support a conversion claim independent of the breach of contract claim. See Miller, 78 Conn. App. at 778 (conversion occurs when "possession of the allegedly converted goods is wrongful from the onset" or when "the conversion arises subsequent to an initial rightful possession"); cf. Cruickshank & Co. v. Sorros, 765 F.2d 20, 25 (2d Cir. 1985) (conversion occurs when "a bailee who has possession for a limited purpose . . . uses the property beyond the terms of the contract" (internal quotation marks omitted)).

### Counts Six through Eight: Fraud, Negligent Misrepresentation, and False Representation

Defendants first move to dismiss plaintiff's claims of fraud, negligent misrepresentation, and false representation on

---

[2] Defendants assert that the contract does not restrict the use of plaintiff's equipment. Given the ambiguity of the contract, this issue cannot be resolved on a motion to dismiss.

4

the ground that they merely re-allege plaintiff's breach of contract claim.  Allegations that a party has been defrauded because of a breach of contract are "nothing more than breach of contract allegations."  <u>Gen. Elec. Capital Corp.</u>, 94 F. Supp. 2d at 202; <u>cf.</u> <u>Campaniello Imps., Ltd. v. Saporiti Italia S.P.A.</u>, 117 F.3d 655, 664 (2d Cir. 1997) (allegations of breach of contract do not sustain an inference of fraud).  However, the complaint can be interpreted to allege that plaintiff entered into the contract in reliance on intentional or negligent misrepresentations.  Claims for wrongfully inducing a party to enter into a contract can be pursued along with a claim for breach of contract.  <u>See</u> <u>Gen. Elec. Capital Corp.</u>, 94 F. Supp. 2d at 202 (denying plaintiff's motion for summary judgment on defendant's fraud in the inducement counterclaims); <u>Williams Ford, Inc. v. Hartford Courant Co.</u>, 232 Conn. 559, 579 (1995) ("The [plaintiffs] were not barred from pursuing a negligence claim solely because they also might have had a breach of contract claim.").  Defendants' argument that these allegations have no utility independent of a breach of contract claim is therefore unavailing.

As mentioned above, defendants also move to dismiss these counts for failure to comply with Rule 9(b), which provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

5

particularity." Whether this rule applies to claims of negligent misrepresentation under Connecticut law is unclear, but plaintiff does not oppose defendants' argument that the Rule applies, so I assume it does for purposes of this ruling.

The Second Circuit has interpreted Rule 9(b) to require that plaintiffs (1) identify the specific statements alleged to be fraudulent, (2) identify the speaker, (3) plead where and when the statements were made, and (4) explain why the statements were fraudulent. Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)). Moreover, although Rule 9(b) relaxes the pleading requirement for intent, knowledge, or other condition of mind, the Second Circuit "require[s] plaintiffs to allege facts that give rise to a strong inference of fraudulent intent." Id. Fraudulent intent may be inferred from facts (1) showing motive and opportunity to commit fraud or (2) constituting "strong circumstantial evidence of conscious misbehavior or recklessness." Id. The fact that a party has breached a contract does not create a strong inference of fraud. Campaniello Imps., Ltd., 117 F.3d at 664.

Counts six through eight are not pleaded with this particularity, and plaintiff has alleged no facts giving rise to an inference of fraudulent intent. Accordingly, these counts will be dismissed without prejudice. See id. at 664 n.3

6

(plaintiff should be given an opportunity to re-plead following a Rule 9(b) dismissal); Shields, 25 F.3d at 1132 (same).

III. Conclusion

For the foregoing reasons, the motion to dismiss [Doc. #13] is granted in part and denied in part. Counts six through eight are dismissed without prejudice. If plaintiff wishes to re-plead these counts, it may file an amended complaint on or before April 24, 2006.

So ordered.

Dated at Hartford, Connecticut this 28th day of March 2006.

Robert N. Chatigny
United States District Judge